UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PATRICIA COFIELD | : | |
| | : | |
| VS. | : | C.A. NO.: 1:15-cv-00111-M-LDA |
| | : | |
| JOANNE MOWER; Individually and in her capacity as Clerk of the TOWN OF PORTSMOUTH; MATTHEW A. HELFAND, in his capacity as the Tax Collector of the TOWN OF PORTSMOUTH; and KEITH E. HAMILTON; JAMES A. SEVENEY; KEVIN M. AGUIAR; MICHAEL A. BUDDEMEYER; DAVID M. GLEASON; ELIZABETH A. PEDRO; and JOSEPH W. ROBICHEAU, individually and in their capacities as members of the Town Council of the TOWN OF PORTSMOUTH | : | |

## AMEND COMPLAINT

### PARTIES

1. Plaintiff, Patricia Cofield, is a resident of the Town of Portsmouth, County of Newport, State of Rhode Island.

2. Defendant, Joanne Mower, is a resident of the Town of Portsmouth, County of Newport, State of Rhode Island, and is sued individually and in her capacity as the Town Clerk of The Town of Portsmouth, RI.

3. Defendant, Matthew A. Helfand, is a resident of the Town of Portsmouth, County of Newport, State of Rhode Island, and is sued in his capacity as the Tax Collector of The Town of Portsmouth, RI ("Town").

4. Defendant, Keith E. Hamilton, is a resident of the Town of Portsmouth, County of Newport, State of Rhode Island, and is sued individually and in his capacity as a member of the Town Council of The Town of Portsmouth, RI.

5. Defendant, James A. Seveney, is a resident of the Town of Portsmouth, County of Newport, State of Rhode Island, and is sued individually and in his capacity as a member of the Town Council of The Town of Portsmouth, RI.

6. Defendant, Kevin M. Aguiar, is a resident of the Town of Portsmouth, County of Newport,

State of Rhode Island, and is sued individually and in his capacity as a member of the Town Council of The Town of Portsmouth, RI.

7. Defendant, Michael A. Buddemeyer, is a resident of the Town of Portsmouth, County of Newport, State of Rhode Island, and is sued individually and in his capacity as a member of the Town Council of The Town of Portsmouth, RI.

8. Defendant, David M. Gleason, is a resident of the Town of Portsmouth, County of Newport, State of Rhode Island, and is sued individually and in his capacity as a member of the Town Council of The Town of Portsmouth, RI.

9. Defendant, Elizabeth A. Pedro, is a resident of the Town of Portsmouth, County of Newport, State of Rhode Island, and is sued individually and in her capacity as a member of the Town Council of The Town of Portsmouth, RI.

10. Defendant, Joseph W. Robicheau, is a resident of the Town of Portsmouth, County of Newport, State of Rhode Island, and is sued individually and in his capacity as a member of the Town Council of The Town of Portsmouth, RI.

## **FACTS**

11. Plaintiff was hired by the Town as a Deputy Clerk in July of 2013.

12. At this time of her hire, Plaintiff was afforded full status as a Town employee, including membership in the Town's classified system.

13. After her hire, she was subjected to repeated verbal harassment and abuse by Defendant Mower.

14. Defendant Mower, either of her own interpretation, or upon the advice of others, was of the belief that Plaintiff was subject to termination at the Clerk's whim, with no notice or cause, and without the most basic of employment rights or due process.

15. In the spring of 2014, Plaintiff informed Defendant Mower of an injury to her arm that she suffered while at work. Defendant Mower threatened Plaintiff that if she went out on workers' compensation, she wouldn't have a job to come back to. Fearing for her job, Plaintiff did not file a workers' compensation claim.

16. On June 2, 2014, Plaintiff sought medical assistance due to the undue stress she was suffering at work. When she advised Defendant Mower of her doctor's recommendation that she take four weeks medical leave, Defendant Mower again told her that if she took such leave, she wouldn't have a job to come back to. Fearing for her job, Plaintiff stayed at work, despite having a doctor's note advising otherwise.

17. On December 31, 2014, Plaintiff verbally notified Defendant Mower of the need for surgery on her injured arm. After meeting with her surgeon on January 26, 2015, she verbally informed Defendant Mower that her surgery was scheduled for February 25, 2015. On Friday, February 6, 2015, Plaintiff emailed her surgery instructions to Defendant Mower.

18. The next Monday, February 9, 2015, Plaintiff was terminated from her job, without any reason or warning, and certainly without notice of the charges or an opportunity to be heard.

19. On numerous occasions, including at the Town Council meeting of February 23, 2015, Plaintiff has heard that the Town Clerk has unfettered discretion to terminate her employment, and that the Town Council is powerless to stop it.

20. On February 25, 2015, Plaintiff, by and through her attorney, sent a letter to the Solicitor of the Town of Portsmouth, setting forth these facts, and her assertion that her rights were violated in that Plaintiff was not afforded a pre-termination hearing as required by the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

21. Said letter also asserted that Plaintiff's rights under the Family Medical Leave Act ("FMLA"), and the RI Workers Compensation Act, were violated in that she was threatened with termination from employment if took leave or filed a claim for injuries she suffered at work.

22. Upon information and belief, the members of the Town Council were made aware of these assertions, but have refused to afford Plaintiff her pre-termination hearing, or otherwise redress the illegal actions taken against her.

## COUNT I
## VIOLATION OF DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES

23. Plaintiff repeats the allegations contained in paragraphs 1 through 22 of the complaint and incorporates them herein by reference.

24. The Town Charter of Portsmouth places the Deputy Clerk position in the classified system, and supersedes any State law to the contrary.

25. Under Section 801 of the Town of Portsmouth Charter: "The personnel system shall cover all employees of the Town whose positions are not excepted from the classified service under the terms of Section 804 below." Since the deputy clerk position is not listed as exempt in Section 804, it is in classified service, and subject to the protections of such

classification, including the right to notice and hearing of charges, the right to appeal to the Council sitting as a Personnel Board, the right to defend herself, call witnesses and be represented by an attorney. Importantly, she enjoys the right not to be terminated without cause.

26. Because she is entitled to these rights, she also enjoys a Federal Constitutional 14th Amendment Due Process property interest in her position, which may not be abridged without notice of the charges against her, and an opportunity to be heard. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532 (1985). The Town's failure to afford her those rights are a constitutional violation, giving rise to a right to immediate reinstatement with full back pay and benefits, and attorneys' fees.

27. Any argument that Section 801 of the Charter conflicts with State law, and particularly RI Gen. Laws § 45-7-4, is misplaced. First, there is no apparent conflict, since there is nothing in that Section 801 which would conflict with the notion that the deputy clerk, once appointed, may not be removed except for cause. Moreover, to the extent the Charter provision does conflict with the State law, the charter prevails as a law of special application, since it was ratified by the General Assembly. See, 1973 Public Law Ch. 18; *Town of Johnston v. Santilli*, 892 A.2d 123 (R.I. 2006).

28. Even were the Charter provisions not to apply, State Law mandates that a deputy clerk may be discharged only with cause.

29. Rhode Island Gen. Law § 45-7-4 provides as follows:

"Every town clerk appointing a deputy as provided in § 45-7-2 is responsible for the good conduct of the deputy and may take bond with surety for any penalty that the clerk may require, conditioned for the faithful discharge of the duties of the office for the time during which the deputy exercises those duties. The clerk may revoke the appointment and cancel the bond, at the clerk's discretion."

30. This section clearly sets forth that a deputy clerk may not be removed from her position if she is acting with "good conduct" and in "faithful discharge of the duties of the office". This language creates the same property rights language as if this position were in the classified position, and the same due process rights under *Loudermill* attach.

31. While it is true that it is within the Clerk's discretion to determine whether the clerk is acting in good conduct and faithfully performing her duties, this discretion is not without bounds.

32. The RI Supreme Court has ruled in *Cullen v. Adler*, 107 R.I. 749, 271 A.2d 466 (1970):

"It is well settled that when a legislative body sits to pass on charges looking to removal of a public official, the hearing is quasi-judicial and must be conducted conformable to a

sense of fair play. This concept demands that the person sought to be removed shall receive written notice of the charges preferred; to a public hearing thereon at which he shall have the right to be represented by counsel; to offer testimony in rebuttal as well as the right to subpoena pertinent records and, moreover, to be heard on charges that are substantial." *Id*. at 469. See also, *Riccio v. Town Council of Bristol*, 109 R.I. 431, 286 A.2d 881 (1972) ("It is generally held that a municipal office created by the sovereign which provides for tenure and the performance of public duties, is a public office from which a duly appointed and qualified incumbent may not be discharged except for cause").

33. Simply put, under either the charter or state law, Mrs. Cofield enjoyed tenure in her position, and should have been afforded her due process rights prior to any action taken on her termination.

34. Despite being informed of the unlawful actions depriving Plaintiff of her property interest in her position without due process, Defendants have failed to afford her those rights.

WHEREFORE, Plaintiff prays that this Court enter an order as follows:

A. Reinstating Plaintiff to her position, with back pay and all benefits to which she would be entitled as a member of the classified service of the Town;

B. That Defendants be estopped from terminating or otherwise interfering with Plaintiff's property interest in her job as Deputy Clerk, without affording her due process;

C. That Plaintiff be awarded interest, costs, and attorney's fees;

D. Award compensatory and punitive damages, and such other relief as this Court deems meet and just.

### COUNT II
### VIOLATION OF THE
### RHODE ISLAND PARENTAL AND FAMILY MEDICAL LEAVE ACT
### ("RIPFMLA") R.I. Gen. Laws Ch. 28-48.

35. Plaintiff repeats the allegations contained in paragraphs 1 through 34 of the complaint and incorporates them herein by reference.

36. Plaintiff requested a medical leave under the RIPFMLA.

37. Plaintiff was terminated because of that request, in violation of her statutory rights.

WHEREFORE, Plaintiff prays that this Court enter an order as follows:

A. Reinstating Plaintiff to her position, with back pay and all benefits to which she would be entitled as a member of the classified service of the Town;

B. That Defendants be estopped from terminating or otherwise interfering with Plaintiff's property interest in her job as Deputy Clerk, without affording her due process;

C. That Plaintiff be awarded interest, costs, and attorney's fees;

D. Award compensatory and punitive damages, and such other relief as this Court deems meet and just.

## COUNT III
## VIOLATION OF THE
## FEDERAL OVERTIME PROVISIONS 29 U.S.C. § 207

38. Plaintiff repeats the allegations contained in paragraphs 1 through 37 of the complaint and incorporates them herein by reference.

39. Plaintiff was not an exempt employee under federal overtime pay laws and regulations.

40. Plaintiff frequently worked for the Town during evening meetings, in addition to her regular work day hours. These meetings resulted in her working in excess of 40 hours per week.

41. Notwithstanding said overtime work, Plaintiff was paid as if she were a salaried employee, and no pay or overtime was paid to her for work in excess of forty hours per week.

42. Defendant's failure to pay her overtime was willful under 29 U.S.C. § 216.

WHEREFORE, Plaintiff prays that this Court enter an order as follows:

A. Award Plaintiff full pay for overtime hours work, in addition to liquidated damages and such other penalties as authorized by law.

B. Award compensatory and punitive damages, and such other relief as this Court deems meet and just.

# COUNT IV
# VIOLATION OF THE
# RHODE ISLAND OVERTIME PROVISIONS
# RI GEN. LAWS § 28-12-4.1

43. Plaintiff repeats the allegations contained in paragraphs 1 through 42 of the complaint and incorporates them herein by reference.

44. Plaintiff was not an exempt employee under the State of Rhode Island overtime pay laws and regulations.

45. Plaintiff frequently worked for the Town during evening meetings, in addition to her regular work day hours. These meetings resulted in her working in excess of 40 hours per week.

46. Notwithstanding said overtime work, Plaintiff was paid as if she were a salaried employee, and no pay or overtime was paid to her for work in excess of forty hours per week.

WHEREFORE, Plaintiff prays that this Court enter an order as follows:

A. Award Plaintiff full pay for overtime hours work, in addition to liquidated damages and such other penalties as authorized by law, including RI Gen. Laws § 28-14-19.2.

B. Order such penalties as provided for in RI Gen. Laws § 28-12-18.

C. Award compensatory and punitive damages, and such other relief as this Court deems meet and just.

Respectfully submitted
Plaintiff
By his attorneys,

/s/ Gregory P. Piccirilli, Esq. #4582
SCIACCA & PICCIRILLI
121 Phenix Avenue
Cranston, RI 02920
Telephone: (401) 946-4900
gregory@splawri.com

## **CERTIFICATION**

       I hereby certify that, on June 23, 2016, I served this document through the electronic filing system on Mark T. Reynolds, Esq., Reynolds, DeMarco & Boland, Ltd., [mtreynolds@rdblawfirm.com](mailto:mtreynolds@rdblawfirm.com) . The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

       /s/Gregory P. Piccirilli, Esq. #4582